IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS ZACHARY PETERS,
ANTONIO GALICIA, and
RANDY MCBRIDE,

                          Plaintiffs,

     v.

C. O'DONNELL, A. ELGELKEN, K. GARCEAU,
B. PIERZINA, A. BARANOWSKI, A. ACKER,
S. KINYON, A. FENNIGKOH, D. ZOURE,
R. WEINMAN, S. HALL, and J. HOY,

                          Defendants.

OPINION AND ORDER

26-cv-348-wmc

---

Plaintiffs Thomas Peters, Antonio Galicia, and Randy McBride, state prisoners representing themselves, claim under 42 U.S.C. § 1983 that various officers at Columbia Correctional Institution violated their federal constitutional rights, as well as their statutory rights under the Americans with Disabilities Act while incarcerated.  (Dkt. #1.) In particular, plaintiffs claim that Columbia officers have not sufficiently accommodated their hearing loss (among various other claims), and they request an injunction requiring Columbia staff to address their hearing issues, as well as request other miscellaneous relief. Because plaintiffs' claims arise from distinct sets of facts, the court will sever their claims under Federal Rule of Civil Procedure 21 and the court's inherent authority under Rule 1. Plaintiffs' claims must then be screened under 28 U.S.C. §§ 1915A & 1915(e)(2) in separate orders.  For the reasons set forth below, the court will also deny plaintiffs' requests for a preliminary injunction, along with plaintiffs' request to amend their complaint to add even more plaintiffs and claims.

OPINION

Multiple plaintiffs may join their claims in one lawsuit if they assert a "right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and a "question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). The court may deny joinder under Rule 20 if it does not foster efficiency and judicial economy, but rather "will result in prejudice, expense, or delay." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863–64 (7th Cir. 2018); Fed. R. Civ. P. 1. Even if multiple plaintiffs satisfy Rule 20, the court may exercise its discretion to sever claims and parties under Rule 21. *UWM*, 888 F.3d at 863–64; *see also* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party, . . . [or] sever any claim against a party.")

Here, plaintiffs allege generally that Columbia staff have inadequately treated and accommodated their hearing issues, arguing that defendants violated their rights under the ADA. They also point to a 2024 settlement agreement between the Wisconsin DOC and the United States, which requires certain accommodations for hearing-impaired prisoners under the ADA. (*See* dkt. #1-1.) Nonetheless, plaintiffs' claims do not belong in the same lawsuit. As alleged, each plaintiff's claims arise out of multiple, unrelated "transactions and occurrences." Fed. R. Civ. P. 20(a)(1). Specifically, the complaint alleges that plaintiffs have differing levels of hearing loss and various healthcare providers, who have treated their conditions in different ways at different times. (*Compare* Pls.' Compl. (dkt. #1) ¶¶ 29-32, 45-50 (plaintiff Galicia has been unable to see *any* audiologist for four years), *with* ¶¶ 60-67 (plaintiff McBride underwent multiple hearing tests in early 2025 with no

2

follow-ups for accommodations), *and* ¶¶141-148 (plaintiff Peters received hearing aids but they were insufficient to address his hearing loss).)   Further, plaintiffs have dissimilar medical histories, needs, and requested accommodations, both relating to their hearing loss and other, distinct medical issues.   Each plaintiff also makes at least one, if not several, additional claims for relief under § 1983, asserting distinct constitutional theories based on different facts that do not overlap with the constitutional claims of their co-plaintiffs. Finally, even if the legal and factual dissimilarities in their claims were not enough, the practical realities of multiple prisoners engaged in self-representation in one case make joinder unwieldy and inefficient.  *E.g., Bartole v. Tippecanoe Cnty. Council*, No. 1:25-CV-148, 2025 WL 1454730, at *2 (N.D. Ind. May 20, 2025) (holding that "joinder of unrepresented inmates is not appropriate" because they may be relocated at any time, prevented from communicating, and unable to serve or obtain signatures from co-plaintiffs).

For all these reasons, the court will sever plaintiffs' claims under Rule 21, and plaintiffs Galicia and McBride will receive new case numbers (though they will not be required to refile or pay the filing fee again).   The court will then screen each plaintiff's claims individually as to the defendants named in the operative sections of the complaint pertaining to that plaintiff.  As no plaintiff is a lawyer, plaintiffs are also given notice that they may not represent one another before this court and must litigate their own, individual claims going forward.  *See East v. McDermott*, No. 24-1785, 2024 WL 4723065, at *1 (7th Cir. Sept. 11, 2024) ("[a] non-lawyer may not represent another or sign papers on another's behalf") (*citing Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010).

Plaintiffs also move to amend their complaint and request permission to join four more plaintiffs, who likewise would assert their own, distinct claims under disparate sets of facts, as well as join *more* defendants.  (Dkt. #27.)  For all the reasons already described above, this request must be denied as well.  Any proposed, additional plaintiffs who have asked to join this lawsuit in the amended complaint and not yet paid the filing fee will need to file their own case in this court, *and* comply with the same limitations just described in doing so.

As for plaintiffs' pending motions for preliminary injunction under their original and amended complaints, which seek expedited transfers, permission for visitations, exemptions from certain costs, and various medical appointments and treatments, they have failed to demonstrate their entitlement to injunctive relief for their claims at this time, even setting aside the joinder issues addressed above.  *See Lambert v. Buss*, 498 F.3d 446, 451 (7th Cir. 2007) (in seeking a preliminary injunction, plaintiff must show (1) a likelihood of success on the merits of his case; (2) a lack of an adequate remedy at law; and (3) an irreparable harm that will result if the injunction is not granted).  Additionally, the court must deny the plaintiffs' motions to the extent that they are directed toward non-parties who would facilitate transfers and medical care.  *See Sherin v. Pugh*, No. 11-cv-772-wmc, 2013 WL 4776462, at *3 (W.D. Wis. Sept. 5, 2013) ("As a general rule, this court will not grant injunctive relief against non-parties.").  However, these denials are all without prejudice to refiling, provided each plaintiff complies with the requirements set forth in the attached procedures for a preliminary injunction motion in this court and files

individually in their assigned case.  *See* Western District of Wisconsin Procedure to be

Followed on Motions for Injunctive Relief (attached to this order).


ORDER

IT IS ORDERED that:

1) The original complaint filed by plaintiffs Antonio Galicia, Randy McBride, and Thomas Peters (dkt. #1) is SEVERED.

2) Peters' claims will proceed under this case number.  Defendants Engelken and Davidson are DISMISSED from Peters' case, as they are not named by plaintiff Peters in his operative portion of the complaint.

3) The clerk of court is directed to open a new case for Galicia that includes the following defendants named in the operative portion of the complaint: Hoy, Acker, Fennigkoh, Baranowski, Freitag, Garceau, Pierzina, Weinmann, Kinyon, Engelken, and O'Donnell.

4) The clerk of court is also directed to open yet another new case for McBride that includes the following defendants named in his operative portion of the complaint: Hoy, Acker, Fennigkoh, Zoure, Baranowski, Freitag, Pierzina, Garceau, Hall, Weinmann, Engelken, and O'Donnell.

5) The claims of each plaintiff will then be screened in separate orders in each of these separate cases.

6) Plaintiffs' motion to amend their complaint and join additional parties is DENIED.  (Dkt. #27.)

7) Proposed additional plaintiffs' Aric Way, Aswan Thompson, Deven Reynolds, and Abdifatah Abukar-Haji's motions to proceed in forma pauperis are DENIED, as they may not join this case.  (Dkts. ##29-32.)

8) Plaintiffs' motions for a preliminary injunction are DENIED WITHOUT PREJUDICE. (Dkts. ##21, 33.) The clerk is directed to send plaintiffs a copy of the court's requirements for filing a motion for injunctive relief along with this order.

Entered this 29th day of May, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge